## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: _____

**JURY TRIAL DEMANDED**

**CHRISTOPHER T. BERES**

**and**

**JOHN DOES KNOWN AND UNKNOWN,**

**Plaintiffs,**

**vs.**

**TAX ANALYSTS d/b/a TAX NOTES,**

**Defendant.**

_____/

### COMPLAINT

Plaintiff, CHRISTOPHER T. BERES, pro se, and JOHN DOES known and unknown,

sue TAX ANALYSTS d/b/a TAX NOTES and state as follows.

### JURISDICTION AND VENUE

1.      Jurisdiction for this cause of action lies within this court by virtue of 28 USC 1332.

This is an action for defamation and the parties are diverse in citizenship.

1

2.      Plaintiff, CHRISTOPHER T. BERES (together with JOHN DOES, "Beres"), is a citizen and resident of the State of Florida having an address at 16975 NE 35th Ave, North Miami Beach, Florida 33160.

3.      Defendant TAX ANALYSTS (hereinafter "Tax Analysts") is a nonprofit District of Columbia corporation based and operating in the State of Virginia and is therefore diverse in citizenship to Beres by virtue of 28 USC 1332(c)(1).  It is the publisher of *Tax Notes*.

4.      The amount of damages sought in this cause of action is $20,000,000 in compensatory damages and $100,000,000 in punitive damages, thus meeting the subject matter jurisdiction requirements of 28 USC 1332 (a) because the matter in controversy exceeds the sum or value of $75,000.

5.      Venue is proper in the Southern District of Florida for the following reasons:

a)      The tort which is the basis of this lawsuit was committed in South Florida in addition to all over the world.  South Florida has a population of approximately 10 million people, thus making the alleged defamatory statements in this venue significant.

b)      Beres is a citizen of the State of Florida and currently resides in South Florida.

c)      Venue is further proper because defendant has and/or continues to regularly conduct business in Florida.  Tax Analysts' *Tax Notes* publishes in South Florida and includes Florida as a "jurisdiction".  https://www.taxnotes.com/jurisdictions  Tax Notes has a section "Florida Department of Revenue."

https://www.taxnotes.com/entities/organization/florida-department-of-revenue?id=gdm

d)      Tax Analysts does business in South Florida, which is where this Court is based.

6.      Defendant is liable to personal jurisdiction under Florida's long-arm statute Fla. Stat. § 48.193 (2017) because it defamed Beres in the State of Florida.  Several persons in the State of Florida, including members of the Florida Bar, accessed the article in *Tax Notes* (the "Article") in the State of Florida.   Exhibit A.   The material was accessed-thus-published in Florida. Defendant has transacted business and engaged in tortious conduct, by affirmative act or omission, in the State of Florida such that it reasonably anticipated being subject to personal jurisdiction before the courts of this State.  Defendant has also transacted business and engaged in tortious conduct, by affirmative act or omission, outside of the State of Florida whereby it reasonably anticipated that injury would result and has, in fact, resulted upon persons within the State of Florida.  As such, this Court has personal jurisdiction over defendant pursuant to Fla. Stat. §§ 48.193(1)(a)(2) and 48.193(1)(a)(6).

7.      This Court has jurisdiction pursuant to the provisions of Chapter 501, Part II, Florida Statutes. The acts or practices alleged herein occurred in the conduct of "trade or commerce" as defined in Section 501.203(8), Florida Statutes.

8.      The statutory violations alleged herein occur in or affect more than one judicial district in the State of Florida, including the Southern District of Florida.

COUNT ONE –
DEFAMATION (SLANDER AND LIBEL)

9.     Plaintiff Christopher T. Beres is a member in good standing of the Florida Bar for almost 20 years.  He graduated from Capital University Law School in 1992 and also received his master's degree in East Asian Studies from the University of Pennsylvania.   He is a professional of high repute.

10.     On April 15, 2020, Beres filed an employment lawsuit in Florida on behalf of a John Doe plaintiff in the State of Florida against Toyota Motor Corporation ("TMC"), Toyota Motor North America, Inc. ("TNMA"), and Akio Todoya (collectively, "Toyota").  *John Doe v. Toyota Motor Corp. et al.*, No. 05-2020-CA-024281 (Fla. 18th Cir. Ct. April 15, 2020).  On April 22, 2020, Toyota responded and retaliated against the John Doe by having its law firm Wilmer, Cutler, Pickering, Hale and Dorr LLP ("Wilmer Hale") have its and Toyota's agent HC2, Inc., a job agency ("HC2"), file a lawsuit with two claims for breach of contract and faithless servant against the John Doe in the United States District Court for the Southern District of New York (the "Southern District").  *HC2, Inc. v. Delaney*, 1:20-cv-03178 (S.D.N.Y. filed April 22, 2020).  The Southern District action fraudulently misrepresented diversity jurisdiction.

11.     Prior to the filing of this lawsuit, Dennis Fairbanks, Esq., Barbara Jimmis, Maria Morton, Devale Rivers, Jr., Kaori Suzuki Fischer, and Anthony Trombetta, all Florida citizens and residents, accessed the Article in the State of Florida, opened it online, and read it.  Mr. Fairbanks is a member of the Florida Bar.  They said that the Article painted Beres in a negative light by attributing a serious crime to Beres and professionally defaming him as an attorney at law in this State.

12.      On or around April 21, 2021, defendant published an article containing a headline and statements presenting Beres, who is also an attorney, as having extorted and blackmailed Toyota.   These are crimes.   The headline read:   "Toyota Caught Up in Bribery Claims Made by U.S. Lawyer."   The article further stated:

> On March 18 Toyota said in a regulatory filing that it had reported "possible anti-bribery violations" related to a Thai subsidiary to the SEC and the Justice Department and was cooperating with their investigations. The disclosure came against the backdrop of a lawsuit filed by HC2, Inc., a Chicago-based legal staffing company that had been hired by the U.S. law firm Wilmer Hale to perform an internal investigation for Toyota. (paragraphs 3-4)
>
> In April 2020 HC2 filed a complaint (1:20-cv-3178-LJL) (sic) in the U.S. District Court for the Southern District of New York alleging that Delaney, who was upset about the suspension of the project and the termination of his employment, had "set out to manufacture a false claim" that the staffing agency had conspired with the law firm and its corporate client to fire him because he had raised concerns about the potential for exposure to COVID-19.   HC2 said Delaney had emailed senior management of the law firm and the corporate client, accusing them of "orchestrating his termination". (paragraph 6)
>
> **HC2 said Delaney sent a letter to the law firm's corporate client on April 13, 2020, demanding $450,000 and later threatened to commence legal action and publicly reveal the company's privileged and confidential information if the payment was not received by the next day. When the corporate client refused to pay, Delaney filed a "John Doe" complaint in Florida state court.** (paragraph 7) (emphasis added)

These are false statements and deliberate misquotes.   This article clearly referenced Beres as Delaney's attorney, since those cases and the counsel names are public,  and defamed him.

13.      Firstly, *Tax Notes'* headline and paragraphs three and four quoted above libelously imply that Toyota was "caught up" in nonexistent bribery claims made by Beres rather than the company's own disclosures to the United States Department of Justice (the "DOJ") and the Securities and Exchange Commission (the "SEC").   On March 18, 2021, in an SEC filing, approximately one month prior to publication of the *Tax Notes* Article, Toyota said it informed the

DOJ and the SEC about the possible violations and has been cooperating with their investigations. Toyota's SEC disclosure stated: "The investigations could result in the imposition of civil or criminal penalties, fines or other sanctions, or litigation by the DOJ or the SEC. Toyota cannot predict the scope, duration or outcome of the matter at this time." Neither Toyota nor anyone else ever alleged that its disclosures related to "claims" made by Beres. Only *Tax Notes* represented this as a fact.

14. Secondly, and more specifically, *Tax Notes* published false and defamatory statements about a routine pre-employment suit demand letter Beres sent to Toyota on April 7, 2020. Exhibit B. *Tax Notes* libelously wrote: "HC2 said Delaney sent a letter to the law firm's corporate client on April 13, 2020, demanding $450,000 and later threatened to commence legal action and publicly reveal the company's privileged and confidential information if the payment was not received by the next day. When the corporate client refused to pay, Delaney filed a 'John Doe' complaint in Florida state court." The letter says nothing of the kind. The letter which Beres wrote on April 7, 2020 and which is part of the court record and which is maliciously misquoted and fabricated by Tax Analysts and *Tax Notes* 1) does not "demand $450,000" and 2) does not "threaten to commence legal action and publicly reveal the company's privileged and confidential information if the payment was not received by the next day." In fact, in his decision dated May 27, 2020 denying HC2's request for a preliminary injunction, Judge Lewis J. Liman held:

> And, finally, the evidence does not support plaintiff's claim that defendant attempted to extort plaintiff by publicly disclosing plaintiff's confidential information if Delaney was not paid. That assertion appears at paragraph 40 of the Zannikos declaration. It also appears in

the parties' briefing. It's a characterization of a demand letter from Delaney's lawyer attached as Exhibit Z. I have been provided a redacted copy of the letter. It makes no threat or mention of publicly disclosing information if Delaney is not paid. Delaney's lawyer makes the allegation that plaintiff violated Delaney's rights and then states "I hereby grant you seven days from the date of this letter to contact me with your offer to settle this case. If you fail to contact me by this date, I will commence legal action against you without further notice." The evidence is that letter was only given to the plaintiff in this case shortly before the state court complaint was filed and not with the full seven days. **Even then it is a routine demand letter and it's not an extortion.** *See U.S. v. Jackson*, 180 F.3d 55, 61, that a claim of right is not an extortion.

(emphasis added)   As Tax Analysts knows and as Beres informed it in his pre-suit notice, Beres is "Delaney's lawyer" referred to by Judge Liman.   Despite the text of the Beres demand letter and Judge Liman's decision, Tax Analysts deliberately misquoted it in order to accuse Beres of extortion. Tax Analysts then tied this to its false statement that Toyota's DOJ and SEC disclosures were due to Beres' unspecified "bribery claims".   The truth is that Tax Analysts and its publication *Tax Notes* have no idea about Toyota's disclosures to the U.S. government or the subject matter of the investigation it disclosed.   Tax Analysts cannot claim that the Article is a fair report because the letter plainly did not contain any of the outrageous contents Tax Analysts claimed it did and Judge Liman's above-quoted ruling was made 11 months *before* the Article was published by it.

15.     Thirdly, regarding Beres' demand letter, Tax Analysts also falsely and libeously published that Beres threatened to disclose privileged and confidential information "if the payment of $450,000 was not received the next day."  This is a complete and defamatory lie.  This language really goes to the heart of *Tax Notes* malice.   It was not enough to falsely accuse Beres of demanding $450,000 and of threatening to disclose privileged and confidential information, *Tax Notes* had to add "the next day".   This is to put Beres on the level of a member of the Mafia, since an attorney letter always gives several days or more to pay.   In fact, Beres' letter which is on the public docket states: "I hereby grant you 7 days from the date of this letter to contact me with your

offer to settle this case."  It also contradicted Judge Liman's ruling 11 months prior to publication. On May 27, 2020, Judge Liman rejected that such a threat was made by Beres and Delaney:

> **Number two, there has been no showing that any information Delaney has is of any commercial value to any third party or that there would be any benefit to Delaney from disclosing that information. The only value that the information apparently has -- at least in Delaney's mind -- is as evidence in support of his claim against HC2."**

But even knowing the Judge's findings, defendant did not retract its false and defamatory content about Beres and it is still publicly available and promoted online.

16.    Defendant cannot claim to have not known about Judge Liman's findings because the case number is cited by it in the text of the article (see *supra*).

17.    This story is suspected to have been planted.  Since Tax Analysts deliberately misquoted Beres' Toyota demand letter despite Judge Liman's order, it is likely that it acted on someone else's behalf in publishing this defamatory material.  This could either have been a story planted by HC2 and/or Wilmer Hale or by the Thai tax lawyers who are its contributors.  It is no coincidence that this story was published *right after* Toyota's SEC disclosure about its foreign corrupt practices.  Prior to that time, for over a year, *Tax Notes* had shown no interest in this story.

18.    Defendant defamed Beres to scare companies to sell subscriptions and gain readership during the coronavirus climate of fear.

19.    Defendant's statements about Beres, which includes any John Does, were not only false and defamatory but also directly contradicted the opinion of the court in the New York action.

20.    Such conduct is in direct violation of law and outside first amendment protection. The false narrative about Beres spread like a disease including on social media.  The entire

defamatory    story    was    republished    in    the    Thai    vernacular    online    press.

https://www.isranews.org/article/investigative/investigate-private-crime/99449-Toyotatta05.html

Exhibit C

21.    The damage to Beres's reputation does not have to be imagined.    The defamation in this case directly affects Beres's business and profession as a lawyer and is therefore defamation *per se*.    His law practice has been damaged and he has been the subject of ridicule.    Defendant caused substantial damage to Beres by irreparably harming his reputation and business.    No client would ever hire a lawyer who is accused of civil and criminal misconduct and who it was worried would extort it and threaten to steal and sell its trade secrets.

22.    The defamatory statements were made by Tax Analysts at least negligently and without regard for the truth because it knew or should have known its statements to be false. Defendant could easily have checked the case, the New York action, which it cited in the Article by citation "1:20-cv-3178-LJL", or even done a quick and simple word search and seen that the complaint never mentioned anything about a demand for $450,000 or threat to disclose trade secrets.    But doing so would not have fit the narrative Tax Analysts wanted to falsely present to the public and the world.    Defendant used the story sensationally during the second worst pandemic in U.S. history.    It did not give the slightest consideration to the damage its false statements would cause to Beres, his law practice, and reputation in the community.

23.    As a direct and proximate result of defendant's defamatory actions, Beres has suffered and continues to suffer damage, including, but not limited to, damage to his reputation,

embarrassment, pain, humiliation, mental anguish, and has sustained past and future loss of earnings.

24.     At the time the false and damaging statements were published, defendant knew or should have known them to be false.  Defendant made its statements at least negligently, and nonetheless, made and/or published the statements with an intent to indulge ill will, hostility, and an intent to harm, thus giving rise to the right to recover punitive damages in order to deter defendant from engaging in this conduct in the future and hopefully restore integrity to both defendant and the media as a whole.

WHEREFORE, plaintiff demands:

a)     Judgment against defendant in the amount of Twenty Million Dollars ($20,000,000) as compensatory damages.

b)     One Hundred Million Dollars ($100,000,000) as punitive damages.

c)     All taxable litigation costs, pre-judgment interest, and post-judgment interest.

d)     A trial by jury.

Dated:   December 29, 2021             /s/Christopher T. Beres
                                       Christopher T. Beres, Esq.
                                       Attorney for Plaintiff
                                       Florida Bar No.:  588261
                                       16975 NE 35th Ave
                                       North Miami Beach, FL 33160
                                       (321) 339-9301
                                       christopherberes8@gmail.com

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that plaintiff has complied with the pre-suit notice requirement of Fla. Stat. § 770.01.

Dated: December 29, 2021                    /s/Christopher T. Beres
                                            Christopher T. Beres, Esq.

# Exhibit A

# Toyota Caught Up in Thai Bribery Claims Made by U.S. Lawyer

POSTED ON APR. 21, 2021

By


**WILLIAM HOKE**
Contact Author

Action will be taken against any judges who received bribes related to a BHT 10 billion (around $320 million) tax dispute involving a local subsidiary of Toyota, a Thai court official said.

Responding to a report that Toyota Motor Thailand (TMT) was under investigation by the U.S. Department of Justice, Suriyan Hongvilai, a spokesman for the Office of the Judiciary, told the *Bangkok Post* April 5 that Thailand's Court of Appeal had overturned a decision by the Central Tax Court, which had ruled in TMT's favor in a case involving imports of Prius car parts. He said the Supreme Court has agreed to hear the company's review of the Court of Appeal's decision.

On March 18 Toyota said in a regulatory filing that it had reported "possible anti-bribery violations" related to a Thai subsidiary to the SEC and the Justice Department and was cooperating with their investigations.

The disclosure came against the backdrop of a lawsuit filed by HC2 Inc., a Chicago-based legal staffing company that had been hired by the U.S. law firm WilmerHale to perform an internal investigation for Toyota. In September 2019 HC2 hired Andrew Delaney, a lawyer who speaks Thai, to work on the document review at an office in New York City.

After the government declared a state of emergency because of the COVID-19 pandemic in March 2020, Delaney emailed HC2 and the law firm, complaining that coworkers on the project were coming into the office with flu-like symptoms. He requested that they be allowed to either work remotely or be paid to stay at home. HC2 replied that remote work was not an option and that its client had suspended the document review project. Delaney and his coworkers on the project were let go shortly afterward.

In April 2020 HC2 filed a complaint (1:20-cv-3178-LJL) in the U.S. District Court for the Southern District of New York alleging that Delaney, who it said was upset about the suspension of the project and the termination of his employment, had "set out to manufacture a false claim" that the staffing agency had conspired with the law firm and its corporate client to fire him because he had raised concerns about the potential for exposure to COVID-19. HC2 said Delaney had emailed

senior management of the law firm and the corporate client, accusing them of "orchestrating his termination."

HC2 said Delaney sent a letter to the law firm's corporate client on April 13, 2020, demanding $450,000 and later threatened to commence legal action and publicly reveal the company's privileged and confidential information if the payment was not received by the next day. When the corporate client refused to pay, Delaney filed a "John Doe" complaint against the client company in Florida state court.

On August 31, 2020, Delaney's lawyer filed a memorandum of law in opposition to HC2's request to dismiss his client's counterclaims to the company's lawsuit. Delaney said HC2 was "the agent and front party" for Toyota and WilmerHale and that the staffing company had "exposed" him as the John Doe plaintiff in the Florida case.

Delaney's lawyer also repeated earlier claims to the court that "the document review was being run out of and with servers based at [Toyota] in Japan to guarantee it absolute control and investigated high risk issues in Thailand of years of dangerous corrupt practices which were ongoing. This investigation posed criminal and pecuniary risk to well-placed persons in the Thai establishment."

His lawyer also said that on November 28, 2019, Delaney had "out of the blue and unexpectedly received a suspicious email to his personal email account from a well-connected, influential tax lawyer whose professional interests were potentially at risk from the investigation (the 'Thai email'). As will be shown at trial, the Thai email was sent the day after Toyota unexpectedly resumed production of the Prius automobile in Thailand, which was implicated in lobbying and bribery and was an effort by the lawyer-payor in question to secure Delaney's help to unfreeze 'fees' and 'payments' in the amount of millions of baht that were owed to his firm."

Delaney claimed that his personal information had been misused in violation of HC2's confidentiality obligations to its employee. "This is because Toyota, which wanted to continue its lucrative corrupt business practices in Thailand, was looking for a way to torpedo the investigation, which it eventually accomplished," Delaney's lawyer told the court. "The only way these individuals in Thailand could have known about Delaney's work on this review was by a disclosure from it. Delaney, who is a Thai, intends to return to Thailand and did not want his involvement in this controversial review to become known there."

On December 18, 2020, Judge Lewis Liman dismissed Delaney's counterclaims. On February 9 HC2 informed Liman that Delaney had filed for bankruptcy in December 2020. On February 22 Liman stayed HC2's complaint against Delaney, pending the outcome of the bankruptcy petition.

Neither Toyota nor WilmerHale responded by press time to requests for comment. Delaney's lawyers in the federal case in New York and the state case in Florida also failed to respond to requests for comment.

ℹ️ **DOCUMENT ATTRIBUTES**

| | |
|---|---|
| JURISDICTIONS | THAILAND    JAPAN    UNITED STATES |
| SUBJECT AREAS / TAX TOPICS | LITIGATION AND APPEALS    CRIMINAL VIOLATIONS<br>TAX AVOIDANCE AND EVASION    PROFESSIONAL RESPONSIBILITY |
| INDUSTRY GROUPS | AUTOMOTIVE MANUFACTURING |
| AUTHORS | WILLIAM HOKE |
| INSTITUTIONAL AUTHORS | TAX ANALYSTS |
| TAX ANALYSTS DOCUMENT NUMBER | DOC 2021-16366 |
| TAX ANALYSTS ELECTRONIC CITATION | 2021 TNTI 76-9 |

# Exhibit B

*The Law Office of Christopher T. Beres*
*1600 Sarno Road, No. 1*
*Melbourne, FL 32935*
*Tel. (321) 339-9301*
*christopherberes8@gmail.com*

*April 07, 2020*

█████████████

*Toyota Motor Corporation*
*1 Toyota-Cho*
*Toyota City*
*Aichi Prefecture 471-8571*
*Japan*
█████████*@toyota.co.jp*

*Dear Mr.*█████████████████████ :

*I represent Andrew Delaney against Toyota.*

*You used Mr. Delaney to be a* ██████ *language document reviewer to assist you with* █████████
████████████████████████████████ *starting on September 30, 2019.*

*On March 17, 2020, you had Mr. Delaney illegally fired for raising concerns about unlawful and unsafe conditions in your workplace.*

*Prior to this date, you illegally disclosed Mr. Delaney's identity, involvement, and work-product to the other side.*

*At first, you did not inform him about the subject matter of the case which was* █████████████
████████████████████████████

*Toyota insisted on* █████████████████████████████
███████████████

HC2-05000511

*For Toyota,* ████████████████████████████████████ *but you had no right to drag Mr. Delaney into this.*

████████████████████████████████████ *You have destroyed Mr. Delaney's residence and business and placed his life in grave danger.*

*After Mr. Delaney was a whistleblower and complained about* ██████████ *, you defamed him, made up lies about him, and threatened him.*

*I hereby grant you 7 days from the date of this letter to contact me with your offer to settle this case.*

*If you fail to contact me by this date, I will commence legal action against you without further notice.*

*Very truly yours,*

*Christopher T. Beres*

Christopher T. Beres

CONFIDENTIAL

HC2-05000512

# Exhibit C



ศูนย์ข่าวสืบสวน

บัญชีทรัพย์สิน  ⌄   ร่ำรวยผิดปกติ   จัดซื้อจัดจ้าง   การทำผิดของเอกชน   บทความและบทวิเคราะห์   ข่าวบุคคลดัง
ข่าวทั่วไปศูนย์ข่าวสืบสวน   ข่าวประชาสัมพันธ์   ข่าวเด่นสืบสวน   ตรวจสอบท้องถิ่น

# ข้อมูลใหม่! คดีโตโยต้าสหรัฐฯ โยงกรณีเลิกจ้างทนายความ–ยืนยันไม่มีจ่ายสินบนผู้พิพากษาไทย

วันพฤหัสบดี ที่ 17 มิถุนายน 2564 เวลา 11:41 น.     isranews     HITS     4974 views

☐ Share       ☐ Tweet       ☐ Share



"...เว็บไซต์ **taxnotes** ยังได้รายงานต่อไปว่า การเปิดเผยข้อมูลความเป็นไปได้ว่าจะมีการให้สินบนในเว็บไซต์ **LAW360** นั้น แท้จริงแล้วเกิดขึ้นหลังจากที่มีการฟ้องร้องกันระหว่างบริษัทที่ชื่อว่าไฮร์คอนเซล (HC2) ที่ถูกว่าจ้างมาจากบริษัทวิลเมอร์เฮลอีกต่อหนึ่ง เพื่อให้ดำเนินการสอบสวนภายในให้กับบริษัทโตโยต้ากับนายแอนดรูว์ เดลานีย์..."

.....................

ประเด็นตรวจสอบกรณีเว็บไซต์ LAW360 ซึ่งเป็นเว็บไซต์รายงานข่าวและวิเคราะห์ด้านกฎหมายในสหรัฐอเมริกา ออกมาเผยแพร่ข้อมูลลับกรณีบริษัท โตโยต้า คอร์ปฯ ผู้ผลิตรถยนต์รายใหญ่ของญี่ปุ่น รายงานต่อคณะกรรมการกำกับหลักทรัพย์และตลาดหลักทรัพย์ (SEC) รวมถึงกระทรวงยุติธรรมสหรัฐฯ (DOJ) เมื่อ เม.ย. 2563 ว่า มีความเป็นไปได้ว่าบริษัทลูกแห่งหนึ่งของโตโยต้าในไทย อาจกระทำการละเมิดกฎหมายต่อต้านการติดสินบน (Anti-Bribery Laws) ของสหรัฐฯ โดย LAW360 มีการกล่าวอ้างผลการสอบสวนพาดพิงถึงบุคลากร อดีตผู้พิพากษาระดับสูงในศาลฎีกา ผู้พิพากษาในศาลฎีกา สำนักงานกฎหมาย และบุคคลที่เกี่ยวข้องในแวดวงกระบวนการยุติธรรมไทยว่ามีส่วนเกี่ยวข้องกับกรณีการจ่ายสินบน ที่อยู่ระหว่างการสอบสวนจากหน่วยงานที่เกี่ยวข้องในขณะนี้

สำนักข่าวอิศรา (www.isranews.org) รายงานข้อมูลเชิงลึกในต่างประเทศไปแล้วว่า  นายแอนดรูว์ เดลานีย์ อดีตทนายความจากสำนักกฎหมายบิ๊กลอว์ (Big Law) ที่เคยทำงานในฐานะทีมงานที่ถูกว่าจ้างและกำกับดูแลจากบริษัทวิลเมอร์ เฮล ให้ดำเนินการสอบสวนภายในบริษัทโตโยต้า ได้ออกมาเปิดโปงว่า นายไมเคิล โพชาด้า หนึ่งในที่ปรึกษาด้านกฎหมายของประธานาธิบดีโจ ไบเดน ผู้ที่เคยเป็นอดีตทนายความของบริษัทวิลเมอร์เฮลนั้นมีพฤติกรรมการปกปิดการกระทำอันไม่ถูกกฎหมายของบริษัทโตโยต้าในประเทศไทย และมีการฟ้องร้องเป็นคดีความที่**ศาลแขวงรัฐฟลอริดา โดยนายไมเคิล โพชาด้าถูกเรียกตัวมาให้การเมื่อวันที่ 16 ก.พ.ที่ผ่านมา และมีรายงานว่าอดีตนักกฎหมายคนอื่นที่ปัจจุบันทำงานอยู่ที่ทำเนียบขาวนั้นก็ถูกเรียกตัวมาให้ปากคำต่อหน้าศาลแขวงรัฐฟลอริดาเช่นกัน**

(อ่านประกอบ:**คุ้ยข้อมูล LAW 360 แฉอดีต นัก กม.บ.ตรวจสอบ-ทีมงาน 'โจ ไบเดน' ช่วยปกปิดสินบนโตโยต้า?, รอติดต่อกลับ! ตามหา จอห์น โด ผู้ฟ้องคดีนัก กม.-ทีมงาน 'โจ ไบเดน' ช่วยปกปิดสินบนโตโยต้า?**

ล่าสุด สำนักข่าวอิศรา (www.isranews.org) สืบค้นฐานข้อมูลในต่างประเทศ พบรายงานข่าวที่เกี่ยวข้องกับกรณีนี้เพิ่มเติม มีเนื้อหาเชื่อมโยงกับคดีความการเลิกจ้างนายแอนดรูว์ เดลานีย์ อดีตทนายความจากสำนักกฎหมายบิ๊กลอว์ (Big Law) ที่เคยทำงานในฐานะทีมงานที่ถูกว่าจ้างและกำกับดูแลจากบริษัทวิลเมอร์เฮล ให้ดำเนินการสอบสวนภายในบริษัทโตโยต้า  บนเว็บไซต์ taxnotes.com ซึ่งเป็นเว็บไซต์การรายงานข่าวด้านกฎหมายของสหรัฐอเมริกา



*บทความจากหน้าเว็บไซต์ taxnotes.com*

รายงานข่าวชิ้นนี้ เผยแพร่เมื่อวันที่ 21 เม.ย. มีชื่อว่า "บริษัทโตโยต้าที่ถูกต้องสงสัยว่ามีการให้สินบนในประเทศไทย จากคำ กล่าวอ้างของนักกฎหมายในประเทศสหรัฐอเมริกา" (Toyota Caught Up in Thai Bribery Claims Made by U.S. Lawyer)

เนื้อหารายงานในช่วงแรก มีการกล่าวอ้างถึงข่าวลงวันที่ 5 เม.ย. ว่านายสุธิยัณห์ หงษ์วิไล โฆษกศาลยุติธรรม ได้ออกมาให้ สัมภาษณ์สื่อมวลชนว่าจะมีการดำเนินการตรวจสอบในข้อครหาสินบนที่ปรากฏทางเว็บไซต์ LAW360 เมื่อช่วงวันที่ 18 มี.ค.ที่ผ่านมา ซึ่ง ณ เวลานั้น ยังไม่ปรากฏข้อมูลว่า มีการจ่ายสินบนให้กับใครบ้าง

เว็บไซต์ taxnotes ยังได้รายงานต่อไปว่า การเปิดเผยข้อมูลความเป็นไปได้ว่าจะมีการให้สินบนในเว็บไซต์ LAW360 นั้น แท้จริงแล้วเกิดขึ้นหลังจากที่มีการฟ้องร้องกันระหว่างบริษัทที่ชื่อว่าไฮร์คอนเซล (HC2) ที่ถูกว่าจ้างมาจากบริษัทวิลเมอร์เฮล อีกต่อหนึ่ง เพื่อให้ดำเนินการสอบสวนภายในให้กับบริษัทโตโยต้ากับนายแอนดรูว์ เดลานีย์

โดยย้อนไปในเดือน ก.ย.2562 บริษัท HC2 ได้มีการว่าจ้างนายแอนดรูว์ เดลานีย์ ทนายความที่สามารถแปลภาษาไทยได้ให้มา ทำงานตรวจสอบเอกสารที่สำนักงานในนครนิวยอร์ก

อย่างไรก็ตาม เมื่อรัฐบาลสหรัฐอเมริกาได้มีการประกาศสถานการณ์ฉุกเฉิน จากสถานการณ์การแพร่ระบาดของไวรัสโค วิด-19 ในช่วงเดือน มี.ค. 2563 นายเดลานีย์ส่งอีเมลไปหาบริษัท HC2 และบริษัทสำนักกฎหมาย (ไม่ระบุชื่อ) แห่งหนึ่ง ซึ่ง เนื้อหาในอีเมลนั้นเป็นการบ่นถึงสภาพการณ์ว่าเพื่อนร่วมงานของเขามีอาการคล้ายกับเป็นหวัด เขาจึงขอให้ทำงานทางไกล

หรือทำงานที่บ้านได้เท่านั้น แต่อธิบายว่า ทาง HC2 ต้องกลับมาว่าไม่สามารถให้ทำงานทางไกลได้ และลูกค้าของบริษัท HC2 ก็ได้มี
การระงับโครงการการตรวจสอบเอกสารแล้ว

หลังจากนั้นไม่นานนายเดลานีย์และเพื่อนร่วมงานของเขาก็ถูกเลิกจ้าง

ต่อมาในช่วงเดือน เม.ย. 2563 บริษัท HC2 ได้มีการยื่นฟ้องคดี (1:20-cv-3178-LJL) ที่ศาลแขวงสหรัฐสำหรับเขตทาง
ตอนใต้ของนิวยอร์ก

โดยกล่าวหาว่านายเดลานีย์ซึ่งมีความไม่พอใจเป็นอย่างยิ่งเกี่ยวกับการระงับโครงการ และการที่เขาถูกเลิกจ้าง นั้นมี
"พฤติกรรมการสร้างข้อกล่าวหาอันเป็นเท็จ"



*ข้อมูลสรุปคดีระหว่างบริษัท HC2 กับนายแอนดรูว์ เดลานีย์ (อ้างอิงข้อมูลจากเว็บ CASETEXT.COM)*

โดยในการยื่นฟ้องคดีนั้น  บริษัท HC2 ระบุว่า นายเดลานีย์ได้กล่าวหาว่าบริษัทที่ทำหน้าที่จัดหาบุคลากรด้านกฎหมายได้มีการ
สมคบคิดกับบริษัทสำนักกฎหมายแห่งหนึ่ง และบริษัทลูกค้า เพื่อที่จะดำเนินการเลิกจ้างนายเดลานีย์

ขณะที่ นายเดลานีย์ได้มีการส่งจดหมายไปถึงบริษัทสำนักกฎหมายที่รับงานให้กับบริษัทลูกค้าเมื่อวันที่ 13 เม.ย. 2563

ในจดหมายมีการเรียกร้องเงินจำนวนทั้งสิ้น 450,000 ดอลลาร์สหรัฐอเมริกา  (14,017,500 บาท)  และนายเดลานีย์ยังได้
ข่มขู่ว่าจะมีการฟ้องร้องและเปิดโปงข้อมูลลับถ้าหากยังไม่ได้รับเงินจำนวนที่เรียกร้องในวันถัดมา

เมื่อมีการปฏิเสธการจ่ายเงิน นายเดลานีย์จึงได้ฟ้องร้องต่อบริษัทของลูกค้าในถิ่นของ จอห์นได้ ที่ศาลรัฐฟลอริดา

ต่อมาวันที่ 31 ส.ค. 2563 ทนายความของนายเดลานีย์ได้มีการยื่นบันทึกทางกฎหมายเพื่อคัดค้านต่อกรณีที่บริษัท HC2 ได้
เรียกร้องให้ยกคำร้องที่นายเดลานีย์ที่โต้แย้งต่อการฟ้องร้องของบริษัท



*หน้าเว็บไซต์บริษัทไฮร์คอนเซล หรือ HC2 ผู้จ้างให้นายแอนดรูว์ เดลานีย์เข้ามามีส่วนในการแปลเอกสารภาษาไทย*

นายเดลานีย์ ระบุว่า บริษัท HC2 นั้นมีพฤติกรรมเป็นตัวแทนและนายหน้าให้กับทั้งบริษัทโตโยต้าและบริษัทวิลเมอร์เฮล และ
ยังกล่าวหาอีกว่าบริษัทจัดหาบุคลากร (HC2) ได้มีการเปิดโปงเขาในฐานะจอห์นโดฝ่ายโจทก์ยื่นฟ้องคดีที่รัฐฟลอริดา

ทนายความของนายเดลานีย์ ได้เน้นย้ำเกี่ยวกับคำกล่าวอ้างก่อนหน้านี้ไปยังศาลว่า "กระบวนการทบทวนเอกสารที่กำลังจะสิ้น
สุดลงและการจัดเก็บฐานข้อมูลเอกสารซึ่งอยู่ ณ ที่ทำการของบริษัทโตโยต้าที่ประเทศญี่ปุ่น ก็เพื่อจะมีการควบคุมเบ็ดเสร็จ
และกระบวนการสอบสวนในประเด็นอันมีความเสี่ยงสูงจะมีพฤติกรรมการทุจริตเกิดขึ้นในประเทศไทยในช่วงระยะเวลานาน
หลายปี การสืบสวนดังกล่าวนั้นแสดงให้เห็นถึงมีกิจกรรมการทุจริตและความเสี่ยงทางการเงิน ต่อบุคลลที่ดำรงตำแหน่ง
ระดับสูงในสถานประกอบการประเทศไทย"

ทนายความของนายเดลานีย์ กล่าวด้วยว่า ในช่วงเดือน พ.ย.2562 มีนายเดลานีย์ยังได้รับอีเมลฉบับหนึ่งที่ส่ง
มายังอีเมลส่วนตัว ซึ่งที่มาของอีเมลก็มาจากทนายความทางด้านภาษีที่ค่อนข้างจะมีอิทธิพลรายหนึ่ง ระบุว่าผลประโยชน์ทาง
อาชีพของทนายคนนี้กำลังตกอยู่ในความเสี่ยงจากการสอบสวนดังกล่าวนี้ (ระบุว่าเป็น "อีเมลไทย")

จากข้อมูลในกระบวนการพิจารณาคดีแสดงให้เห็นว่าอีเมลไทยฉบับดังกล่าวนั้นถูกส่งมาถึงนายเดลานีย์เป็นระยะเวลาหนึ่งวัน
หลังจากที่โตโยต้าได้ตัดสินใจอย่างปุบปับว่าจะกลับมาผลิตรถยนต์พรีอุสในประเทศไทยอีกครั้งหนึ่ง

และการส่งอีเมลดังกล่าวยังเป็นข้อบ่งชี้ว่ามีประเด็นเกี่ยวกับทั้งการล็อบบี้  การให้สินบนเกิดขึ้น โดยคาดการณ์กันว่า
สำนักงานกฎหมายผู้ส่งอีเมลมาถึงนายเดลานีย์นั้น ต้องการให้นายเดลานีย์ได้ช่วยเหลือในการทวงถามติดตามค่าธรรมเนียม
และค่าจ้างบริการ ที่ยังคงค้างจ่ายต่อสำนักงานกฎหมายแห่งนี้เป็นเงินมูลค่าหลายล้านบาท

นายเดลานีย์ได้กล่าวอ้างต่อไปว่า ข้อมูลส่วนบุคคลของเขานั้นถูกไปใช้อย่างไม่ถูกต้องในการส่วงละเมิดข้อผูกพันด้านการ
รักษาความลับที่บริษัท HC2 มีต่อลูกค้าของบริษัท

"นี่เป็นเพราะว่าบริษัทโตโยต้าซึ่งต้องการที่จะทำธุรกิจที่มีความทุจริตต่อไปในประเทศไทย กำลังจะหาหนทางที่จะขจัดการ
สืบสวนนี้ออกไป โดยในที่สุดแล้ว พวกเขาก็ประสบความสำเร็จ" ทนายความของนายเดลานีย์กล่าวกับศาลและกล่าวต่อไปด้วย
ว่า "หนทางเดียวที่บุคคลเหล่านี้ในประเทศไทยจะได้รับรู้เกี่ยวกับงานทบทวนเอกสารของนายเดลานีย์นั้นก็เปิดโปง เปิดเผย
ข้อมูลจากมันเอง

ทั้งนี้ นายเดลานีย์ซึ่งเป็นคนไทยมีความตั้งใจว่าจะกลับประเทศไทย และไม่ต้องการที่จะให้เรื่องที่เขาเข้าไปมีส่วนร่วมในการ
ตรวจสอบข้อมูลอันเป็นที่ถกเถียงกันอยู่นั้น ถูกรับรู้จากที่ประเทศไทยเอง"

ต่อมาในวันที่ 18 ธ.ค. 2563 นายลูอิส ลิมาน ผู้พิพากษาได้มีการยกเลิกคำโต้แย้งของนายเดลานีย์ และในวันที่ 9 ก.พ.
บริษัท HC2 ก็ได้แจ้งข้อมูลให้กับผู้พิพากษาลิมานให้รับทราบว่านายเดลานีย์ยื่นฟ้องให้ตัวเองเป็นบุคคลล้มละลายในช่วงเดือน
ธ.ค. 2563 พอมาถึงช่วงวันที่ 22 ก.พ. ผู้พิพากษาลิมานก็ได้ระงับคดีระหว่าง HC2 ที่ร้องต่อนายเดลานีย์เอาไว้ก่อน
เนื่องจากรอผลคำร้องการยื่นล้มละลายดังกล่าว

ส่วนทางบริษัทโตโยต้า สำนักกฎหมายวิลเมอร์เฮล ก็ปฏิเสธที่ให้ความเห็นใดๆเกี่ยวกับเรื่องนี้ เช่นเดียวกับทนายความของ
นายเดลานีย์ที่รัฐนิวยอร์ก และที่รัฐฟลอริดาก็ปฏิเสธจะให้ความเห็นเช่นกัน

(สิ้นสุดบทความของเว็บไซต์ taxnotes ที่ลงวันที่ 21 เม.ย. 2564)

Doc 2021-16366 (3 page(s))

# Toyota Caught Up in Thai Bribery Claims Made by U.S. Lawyer

Posted on Apr. 21, 2021

»
  Learn more

(C) Tax Analysts 2021. All rights re

served. Tax Analysts does not claim copyright in any public domain or third party content.

By William Hoke

Action will be taken against any judges who received bribes related to a BHT 10 billion (around $320 million) tax dispute involving a local subsidiary of Toyota, a Thai court official said.

Responding to a report that Toyota Motor Thailand (TMT) was under investigation by the U.S. Department of Justice, Suriyan Hongvilai, a spokesman for the Office of the Judiciary, told the *Bangkok Post* April 5 that Thailand's Court of Appeal had overturned a decision by the Central Tax Court, which had ruled in TMT's favor in a case involving imports of Prius car parts. He said the Supreme Court has agreed to hear the company's review of the Court of Appeal's decision.

On March 18 Toyota said [in a regulatory filing](#) that it had reported "possible anti-bribery violations" related to a Thai subsidiary to the SEC and the Justice Department and was cooperating with their investigations.

The disclosure came against the backdrop of a lawsuit filed by HC2 Inc., a Chicago-based legal staffing company that had been hired by the U.S. law firm WilmerHale to perform an internal investigation for Toyota. In September 2019 HC2 hired Andrew Delaney, a lawyer who speaks Thai, to work on the document review at an office in New York City.

After the government declared a state of emergency because of the COVID-19 pandemic in March 2020, Delaney emailed HC2 and the law firm, complaining that coworkers on the project were coming into the office with flu-like symptoms. He requested that they be allowed to either work remotely or be paid to stay at home. HC2 replied that remote work was not an option and that its client had suspended the document review project. Delaney and his coworkers on the project were let go shortly afterward.

In April 2020 HC2 filed a complaint (1:20-cv-3178-LJL) in the U.S. District Court for the Southern District of New York alleging that Delaney, who it said was upset about the suspension of the project and the termination of his employment, had "set out to manufacture a false claim" that the staffing agency had conspired with the law firm and its corporate client to fire him because he had raised concerns about the potential for exposure to COVID-19. HC2 said Delaney had emailed senior management of the law firm and the corporate client, accusing them of "orchestrating his termination."

---

Doc 2021-16366 (3 page(s))

HC2 said Delaney sent a letter to the law firm's corporate client on April 13, 2020, demanding $450,000 and later threatened to commence legal action and publicly reveal the company's privileged and confidential information if the payment was not received by the next day. When the corporate client refused to pay, Delaney filed a "John Doe" complaint against the client company in Florida state court.

On August 31, 2020, Delaney's lawyer filed a memorandum of law in opposition to HC2's request to dismiss his client's counterclaims to the company's lawsuit. Delaney said HC2 was "the agent and front party" for Toyota and WilmerHale and that the staffing company had

(C) Tax Analysts 2021. All rig

"exposed" him as the John Doe plaintiff in the Florida case.

Delaney's lawyer also repeated earlier claims to the court that "the document review was being run out of and with servers based at [Toyota] in Japan to guarantee it absolute control and investigated high risk issues in Thailand of years of dangerous corrupt practices which were ongoing. This investigation posed criminal and pecuniary risk to well-placed persons in the Thai establishment."

His lawyer also said that on November 28, 2019, Delaney had "out of the blue and unexpectedly received a suspicious email to his personal email account from a well-connected, influential tax lawyer whose professional interests were potentially at risk from the investigation (the 'Thai email'). As will be shown at trial, the Thai email was sent the day after Toyota unexpectedly resumed production of the Prius automobile in Thailand, which was implicated in lobbying and bribery and was an effort by the lawyer-payor in question to secure Delaney's help to unfreeze 'fees' and 'payments' in the amount of millions of baht that were owed to his firm."

Delaney claimed that his personal information had been misused in violation of HC2's confidentiality obligations to its employee. "This is because Toyota, which wanted to continue its lucrative corrupt business practices in Thailand, was looking for a way to torpedo the investigation, which it eventually accomplished," Delaney's lawyer told the court. "The only way these individuals in Thailand could have known about Delaney's work on this review was by a disclosure from it. Delaney, who is a Thai, intends to return to Thailand and did not want his involvement in this controversial review to become known there."

On December 18, 2020, Judge Lewis Liman dismissed Delaney's counterclaims. On February 9 HC2 informed Liman that Delaney had filed for bankruptcy in December 2020. On February 22 Liman stayed HC2's complaint against Delaney, pending the outcome of the bankruptcy petition.

Neither Toyota nor WilmerHale responded by press time to requests for comment. Delaney's lawyers in the federal case in New York and the state case in Florida also failed to respond to requests for comment.

*Update, May 3, 2021: Following the publication of this article, Andrew Delaney provided* this statement *to Tax Notes: "I deny the premise of your article. According to my direct knowledge, there was no bribery or misconduct by any Thai judges or Thai lawyers regarding the Toyota Prius case. There is no evidence of this. This is just an attempt to look down on the Thai Judiciary and the Thai Bar. I have nothing to do with any false statements made by Toyota or WilmerHale. I was not their employee and disagree with them."*

hts reserved. Tax Analysts does not claim copyright in any public domain or third party content.

สำนักข่าวอิศรา รายงานว่า ได้ตรวจสอบข้อมูลบนเว็บไซต์ taxnotes เพิ่มเติม พบว่ามีรายงานอีกหนึ่งชิ้นลงวันที่ 4 พ.ค. 2564  โดยเว็บไซต์ taxnotes ได้ไปสัมภาษณ์กับนายแอนดรูว์ เดลานีย์ โดยตรงเกี่ยวกับเนื้อหารายงานของเว็บไซต์ที่เผย แพร่เมื่อวันที่  21 เม.ย. 2564 ดังกล่าว

โดยนายเดลานีย์กล่าวว่า

"ผมปฏิเสธหลักฐานในบทความของคุณ (" บริษัทโตโยต้าที่ถูกต้องสงสัยว่าใช้การให้สินบนในประเทศไทย จากคำกล่าวอ้าง ของนักกฎหมายในประเทศสหรัฐอเมริกา" ลงวันที่ 21 เม.ย.) จากเท่าที่ผมได้รับรู้มา ไม่มีการให้สินบน หรือการประพฤติโดย มิชอบ โดยผู้พิพากษาไทยคนไหน หรือว่าทนายไทยคนไหนอันเกี่ยวข้องกับคดีรถพรีอุสเกิดขึ้น มันไม่มีหลักฐานเกี่ยวกับเรื่อง นี้ นี่เป็นความพยายามที่จะด้อยค่ากระบวนการตุลาการและทนายในประเทศไทย ผมไม่เกี่ยวข้องใดๆทั้งสินเที่ยวกับ แถลงการณ์อันเป็นเท็จที่ถูกจัดทำโดยบริษัทโตโยต้าหรือบริษัทวิลเมอร์เฮล ผมไม่ใช่ลูกจ้างของพวกเขา และผมไม่เห็นด้วยกับ พวกเขา"

(สิ้นสุดบทความของเว็บไซต์ taxnotes ที่ลงวันที่ 4 พ.ค. 2564)

---

Doc 2021-18220 (1 page(s))

# Lawyer Responds to 'Toyota Caught Up in Thai Bribery Claims Made by U.S. Lawyer'

Posted on May 4, 2021
»
  Learn more

By Andrew Delaney

I deny the premise of your article ("Toyota Caught Up in Thai Bribery Claims Made by U.S. Lawyer"). According to my direct knowledge, there was no bribery or misconduct by any Thai judges or Thai lawyers regarding the Toyota Prius case. There is no evidence of this. This is just an attempt to look down on the Thai Judiciary and the Thai Bar. I have nothing to do with any false statements made by Toyota or WilmerHale. I was not their employee and disagree with them.

Andrew Delaney

May 3, 2021

(C) Tax Analysts 2021. All rights reserved. Tax Analysts does not claim copyright in any public domain or third party content.

ทั้งหมดนี้ คือข้อมูลที่เกี่ยวข้องกับคดีการจ่ายสินบนของบริษัทโตโยต้า ในต่างประเทศที่สำนักข่าวอิศรา ตรวจสอบพบล่าสุด ซึ่งมีหลายประเด็นที่จะต้องติดต่อกันต่อไป อาทิ สิ่งที่นายแอนดรูว์ เดลานีย์กล่าวอ้างมานั้นเป็นความจริงหรือไม่ พฤติกรรม การทุจริตของบริษัทโตโยต้าที่ปรากฏอยู่ในสำนวนคดีที่รัฐนิวยอร์กมีรายละเอียดอย่างไร และบริษัทโตโยต้ากับบริษัทวิลเมอร์ เฮลอาศัยหลักฐานอะไร ถึงได้มีการกล่าวหาว่าทางบริษัทโตโยต้า มอเตอร์ ประเทศไทย ว่ามีการจ่ายสินบนให้กับผู้พิพากษา ไทยตามที่ปรากฏเป็นข่าว

เพื่อให้เรื่องนี้ปรากฏความจริงชัดเจนโดยเร็วที่สุด

**เรียบเรียงจาก:https://www.taxnotes.com/entities/organization/wilmer-cutler-pickering-hale-and-dorr-llp?id=19hl**

**อ่านประกอบ :**

**รอติดต่อกลับ! ตามหา จอห์น โด ผู้ฟ้องคดีนัก กม.-ทีมงาน 'โจ ไบเดน' ช่วยปกปิดสินบนโตโยต้า?**

**กรณีสินบนโตโยต้า ศาล ยธ.ไทย ขอเข้าร่วมสังเกตการณ์การไต่สวนของคณะลูกขุนรัฐเท็กซัส**

**กลินท์ สารสิน : ให้ถามฝ่ายบริหารโตโยต้าไทยปมสินบนคดีพรีอุสหมื่นล้าน**

**3 ผู้พิพากษา มอบอำนาจ สนง.ศาล ยธ. แจ้งความ ปอท. เอาผิดคนแพร่ข้อมูลเท็จปมสินบนโตโยต้า**

**เปิดข้อมูลลับโตโยต้า! สอบสวน บ.ลูกไทย จ่ายสินบน พ.ศาลฎีกาพลิกคดีภาษีหมื่นล.**

**พลิกปุ่ม! คดีภาษีพรีอุสหมื่นล. ศาลอุทธรณ์พิพากษากลับโตโยต้าแพ้-ยื่นฎีกาต่อแล้ว**

**ศาลยุติธรรม แจงคดีสินบนโตโยต้า หากมีผู้พิพากษาทุจริตจริงจะลงโทษอย่างเด็ดขาด!**

**เอ็กซ์คลูซีฟ! เปิดคำพิพากษาศาลอุทธรณ์ให้ 'โตโยต้า'แพ้คดีภาษี'พรีอุส'หมื่นล.ก่อนขอฎีกา**

**2 พ.ศาลฎีกาปฏิเสธ! เว็บLaw360 อ้างผลสอบเปิดชื่อรับสินบนพลิกคดีภาษีพรีอุสหมื่นล.**

**เร่งขอข้อมูลสหรัฐฯ! ศาล ยธ.สั่งสอบ สื่อนอกเปิดชื่อผู้พิพากษารับสินบนพลิกคดีภาษีพรีอุส**

ไม่เป็นความจริง! สนง.ทีม.อันนานนท์ ปฏิเสธจ่ายสินบนพลิกคดีภาษีพรีอุสหมื่นล.

โสลเกษ วัฒนพันธุ์ : 2 ผู้พิพากษาไม่เคยมาหาหรือพูดคุยเรื่องคดีภาษีพรีอุส

สนง.กม.อันนานนท์ แจ้งเอาผิดเว็บ **LAW360**-เจ้าของบทความ ยันไม่มีเอี่ยวเรื่องสินบนโตโยต้า

ชัยสิทธิ์ ตราชูธรรม : ทำไม 'โตโยต้าไทย' ไม่ออกมาชี้แจงคดีสินบนภาษีพรีอุส

ทรงพล อันนานนท์ : ผมไม่ใช่เส้นทางการจ่ายสินบนพลิกคดีภาษีพรีอุสหมื่นล้าน

'อิศรา' ถามข้ามโลก! เปิดตัว 'แฟรงค์ จี. รันยอน' **LAW 360** ผู้ตีแผ่สินบนพลิกคดีภาษีพรีอุส

คุ้ยข้อมูล **LAW 360** แฉอดีต นัก กม.บ.ตรวจสอบ-ทีมงาน 'โจ ไบเดน' ช่วยปกปิดสินบนโตโยต้า?

#กดคลิก ติดตาม ส่งแชร์ข่าวอิศรา ได้ที่นี่ **https://www.facebook.com/isranewsfanpage**



#กดคลิก ติดตาม ส่งแชร์ข่าวอิศรา ได้ที่นี่ **https://www.facebook.com/isranewsfanpage**



---

หมวดหมู่
**การทำผิดของเอกชน** | Isranews | รายงาน-สกู๊ป | เรื่องเด่น – สำนักข่าวอิศรา
TAGS   โตโยต้าไทย | สินบนโตโยต้า | ผู้พิพากษา

---

ข่าวแนะนำสำหรับคุณ                                                    by

▶  ส่องคดีทุจริตโลก:จับนักธุรกิจเซเชลส์ฟอกเงิน1.6 พัน ล. โยงเครือข่าย บ.นอกอาณาเขต

▶  ส่องคดีทุจริตโลก: รบ.ญี่ปุ่น ออกคำสั่ง จนท.ท้องถิ่นกรอกตัวเลขสัญญาก่อสร้างสูงเกินจริง

▶  ส่องคดีทุจริตโลก:'รบ.อังกฤษ-ไฟเซอร์'ทำสัญญาคาดแถบดำอนุญาโตตุลาการ จัดหาวัคซีน 189 ล.โดส

▶  บ.ออสติน ออโต้ คาร์ส คดีนำเข้ารถหรู สถานะล่าสุดศาลสั่งล้มละลาย

▶  พันคดีนำเข้ารถหรู! บ.ทีวีอาร์ กรุ๊ป ดีเอสไออายัดจดทะเบียนเสร็จชำระบัญชี 6 ครั้ง